IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02046-RTG

MARLON AROLDO BORJAS TORRES,

      Petitioner,

v.

WARDEN, Aurora ICE Processing Center,

      Respondent.

---

## ORDER TO FILE SECOND AMENDED HABEAS APPLICATION

---

Petitioner Marlon Aroldo Borjas Torres is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. In response to the Court's order to cure, Petitioner has filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the District of Colorado's form. (ECF No. 5).

The Court must construe the application liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Petitioner will be ordered to file a second amended habeas application.

## BACKGROUND

Petitioner, a Honduran national, has been in ICE custody at the Aurora facility since December 12, 2025. (ECF No. 5-1 at 5). An immigration judge ordered him removed; he appealed to the BIA on April 8, 2026, and that appeal is pending. (*Id.* at 6). Twice—on February 3 and again on March 23, 2026—he sought bond redetermination, and twice the immigration court denied it "based upon a finding that it lacked jurisdiction." (*Id.* at 6). Petitioner further alleges that he has no significant criminal history. (*Id.*). He has a U.S.-citizen daughter with special needs and a U.S.-citizen son born during his detention. (*Id.* at 6-7). Based on these allegations, Petitioner raises a single claim in his § 2241 application titled "Violation of the Fifth Amendment Due Process Clause Based on Prolonged Immigration Detention." (*Id.* at 5).

As relief, Petitioner asks the Court to issue a writ of habeas corpus declaring his continued detention unconstitutional and ordering his immediate release under reasonable conditions of supervision, or alternatively to order Respondent to provide a prompt, constitutionally adequate bond hearing before a neutral decisionmaker. (*Id.*).

The Court will now turn to the pleading issues presented by the application.

## PLEADING ISSUES

### 1. Incorporation by reference.

The operative habeas corpus application states the following: "I incorporate by reference the exhibits previously submitted with my original Petition for Writ of Habeas Corpus, including the custody records, bond redetermination decisions, immigration

court records, Board of Immigration Appeals filings, declarations, educational records, medical evidence, family hardship evidence, employment records, community support evidence, and all supporting documentation previously filed with the Court." (ECF No. 5-1 at 1). However, the Court is not required to sort through multiple pleadings to ascertain a litigant's claims or compile the required information from multiple documents. *See* Fed. R. Civ. P. 7(a) (allowing for one operative pleading filed in the pending action); *see also* D.C.COLO.LCivR 15.1(b) ("Unless otherwise ordered, the proposed amended or supplemental pleading shall not incorporate by reference any part of the preceding pleading, including exhibits."). To the extent Petitioner refers the Court to an earlier-filed habeas corpus application (or documents attached thereto), doing so is an improper attempt to incorporate by reference part of a preceding pleading or exhibit.

Extra pages may be attached to the second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 if additional space beyond that provided in the form is needed to describe any claim or to support a claim. *See also* Instructions in Section C of § 2241 Form ("If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "C. STATEMENT OF CLAIMS.").

**2. Petitioner must allege a specific violation of federal law.**

Petitioner's second amended application must clearly allege the violation of a

federal right. Habeas corpus relief is warranted only if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Petitioner must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

In the amended application, Petitioner must provide a clear statement of the claims he is asserting, along with the facts supporting each claim. Therefore, Petitioner should include specific factual allegations explaining:

- his country of citizenship or birth;

- how and when he entered the United States, along with the circumstances of his initial encounter with immigration authorities;

- the circumstances surrounding Petitioner's current detention: where ICE arrested him, under what statutory provision Respondent now claims to hold him, when the current detention began, and the total time he has been in custody;

- whether he has been placed in removal proceedings and, if so, when those proceedings began (for example, the issuance of a Notice to Appear) and their current status;

- whether a final order of removal has been entered against him and, if so, its date—or, if no final order has been entered, the current posture of his proceedings;

- if a final order of removal has been entered, whether his country of citizenship has agreed to accept him and the status of any efforts to remove him;

- whether he has ever requested or been afforded an individualized bond hearing before an immigration judge; if so, the date, the outcome, and any bond amount set;

- whether he has ever been released on bond or to supervision, the conditions of any such release, and whether and why it was revoked;

- the facts bearing on his ties to the community—such as family members residing in the United States, employment history, and length of residence—that are relevant to any flight-risk and danger assessments he challenges; and

- any other facts showing Petitioner would appear as required if released.

If Petitioner does not include these background facts in the second amended habeas corpus application, the Court cannot determine whether his detention is unlawful or whether he is entitled to habeas relief. Petitioner must therefore file a second amended habeas application that clearly pleads a cognizable federal claim.

## CONCLUSION

Accordingly, it is

ORDERED that Petitioner shall have thirty (30) days from the date of this order to file a second amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Petitioner must include all claims and allegations in the amended habeas application. It is

FURTHER ORDERED that Petitioner shall obtain and utilize the District of Colorado's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The form, along with the applicable instructions, can be found at www.cod.uscourts.gov. It is

FURTHER ORDERED that Petitioner must submit a single, completed application on the court-approved form as one document that contains all claims and allegations. Petitioner is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents. It is

FURTHER ORDERED that if Petitioner fails to file a second amended habeas

application as directed within the time allowed, the action may be dismissed without further notice.

DATED June 24, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge